**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RANGER PIPELINES, INCORPORATED, a California corporation,<br><br>　　　　　　Plaintiff - Appellant,<br><br>　v.<br><br>LEXINGTON INSURANCE COMPANY, a Delaware corporation,<br><br>　　　　　　Defendant - Appellee. | No. 13-16080<br><br>D.C. No. 4:12-cv-05387-PJH<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, Chief District Judge, Presiding

Argued and Submitted July 8, 2015
San Francisco, California

Before: TALLMAN, M. SMITH, and MURGUIA, Circuit Judges.

　　Ranger Pipelines, Inc. appeals from an order of the district court dismissing its complaint for failure to state a claim for relief. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

　　[*]　　This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

The district court correctly concluded that the First Amended Complaint's (FAC) allegations established that the suit was time barred. *See Sams v. Yahoo! Inc.*, 713 F.3d 1175, 1179 (9th Cir. 2013). Ranger Pipelines does not dispute that the insurance policy at issue contained a suit limitation provision requiring an insured to bring suit within one year of discovering the loss.[1] Ranger Pipelines also does not dispute that the FAC's allegations established that it failed to comply with this requirement.

Ranger Pipelines argues, however, that the FAC adequately alleged that the limitation period was equitably tolled. We reject this argument. Under California law, the one-year limitation period is tolled "from the time an insured gives notice of the damage to his insurer, pursuant to applicable policy notice provisions, until coverage is denied." *Prudential-LMI Commercial Ins. Co. v. Superior Court*, 51 Cal. 3d 674, 693 (1990). The FAC contained a conclusory allegation that the Regents of the University of California (Regents) made a claim "on behalf of itself and its additional insureds, including [Ranger Pipelines] . . . ." However, the FAC did not allege that this claim mentioned Ranger Pipelines by name, nor did it allege any affirmative steps taken by Ranger Pipelines to request that the Regents assert a

---

[1] The FAC incorporated the policy by reference. *See Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1159-1160 (9th Cir. 2012).

2

claim on its behalf. In addition, the FAC specifically alleged that Ranger Pipelines did not receive a copy of the claim. Taking these allegations as true, there was insufficient factual material in the FAC to make out a plausible claim that Ranger Pipelines notified its insurer of the damage within the limitation period. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).[2] Moreover, even if the FAC had adequately alleged that the Regents made a claim on Ranger Pipelines's behalf, it did not allege when that claim was denied. The FAC's allegations therefore did not establish how long the limitation period was tolled, if at all.

We also reject Ranger Pipelines's argument that the FAC adequately alleged equitable estoppel.[3] First, the FAC did not adequately allege equitable estoppel based on Lexington's affirmative conduct. *See Spray, Gould & Bowers v. Associated Int'l Ins. Co.*, 71 Cal. App. 4th 1260, 1267-68 (1999). The allegations in the FAC regarding Lexington's representations are largely general and conclusory. Without knowing what Lexington told Ranger Pipelines, it is

---

[2] We assume, but do not decide, that the pleading standard articulated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 561-63 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), applies to a plaintiff's claim for equitable tolling.

[3] The parties disagree regarding whether Rule 9(b)'s heightened pleading standard or the less stringent standard of Rule 8(a) applies to the Ranger Pipelines's equitable estoppel claim. We need not resolve this issue because the FAC fails to adequately plead equitable estoppel under either pleading standard.

3

impossible to assess whether Lexington intended that Ranger Pipelines rely on the representations and delay filing a claim. *See id.* (requiring a plaintiff to prove that the party to be estopped "intend[ed] that his conduct . . . be acted upon, or . . . so act[ed] that the party . . . had the right to believe it was so intended."). Nor is it possible to assess whether the representations were such that Ranger Pipelines had a right to believe that Lexington intended to induce Ranger Pipelines's reliance. *See id.*

Second, although "[a]n estoppel *may* arise from silence where there is a duty to speak," the FAC does not contain allegations establishing that Lexington had an affirmative duty to inform Ranger Pipelines of the appropriate time limits. *See id.* Ranger Pipelines argues that California's Fair Claims Settlement Practices Regulations, California Code of Regulations Title 10 § 2695.4(a), imposed such a duty. However, § 2695.4(a) only applies to "a first party claimant or beneficiary," and the FAC's allegations, taken as true, did not establish that Ranger Pipelines was a "first party claimant" or "beneficiary" as those terms are defined in the regulations. *See* Cal. Code Regs. tit. 10, § 2695.2(a), (f).

**AFFIRMED.**

4